IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cliff Brooks Moody, | ) | Civil Action No. 2:11-1301-MBS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Cliff Brooks Moody ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is before the court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Bruce H. Hendricks, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 D.S.C.

On April 27, 2012, the Magistrate Judge issued a Report in which she concluded that the decision of the Commissioner should be reversed under sentence four of 42 U.S.C. § 405(g), and the matter should be remanded to the Commissioner for the purpose of (1) explaining the weight accorded to the opinion of Plaintiff's treating physician, John A. Glasser, M.D., that the constant pain experienced by Plaintiff was severely sufficient to interfere with the performance of simple work tasks; (2) revisiting the assessment of Plaintiff's credibility regarding his subjective complaints of severe and disabling pain in the context of Dr. Glasser's opinion; and (3) reevaluating Plaintiff's impairments and all their incidental effects in combination. (ECF No. 15, pp. 5-11.) The Commissioner filed objections to the Report on May 14, 2012, to which Plaintiff filed a reply on May 16, 2012. (ECF Nos. 17 & 18.) For the reasons set forth below,

1

the court adopts the Report of the Magistrate Judge and **REMANDS** the matter to the Commissioner.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a 32 year old man, who, as a result of a motor vehicle accident, suffers from various conditions, including multiple fractures, T5-T8 posterior spinal fusion, kyphoplasty, vertebroplasty, and depression. (Tr. 12.[1]) Plaintiff has a twelfth grade education and a past relevant work experience as an iron worker. (Tr. 17, 158, 161.) Plaintiff filed his most recent application for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits on January 21, 2009, alleging that he became disabled on January 4, 2009. (Tr. 10.) Plaintiff's application for benefits was denied initially on April 3, 2009, upon reconsideration on February 8, 2010, and in a decision issued by the ALJ on July 16, 2010. (Tr. 10-19.) The ALJ found that Plaintiff was not disabled as defined by the Social Security Act and was, therefore, not entitled to DIB and/or SSI. (Tr. 19.) In reaching this decision, the ALJ concluded that based on Plaintiff's age, education, work experience, and residual functional capacity, he was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 18.)

Plaintiff requested that the Appeals Council review the ALJ's July 16, 2010 decision, which request was denied on April 22, 2011, making the ALJ's decision the Commissioner's final decision regarding Plaintiff's case. (Tr. 1.) On May 31, 2011, Plaintiff commenced this action to review the Commissioner's denial of benefits. (ECF No. 1.)

---

[1] The Social Security Administrative Record was not filed by Commissioner. Therefore, citation will be to the pages in the transcript of the administrative record and not to the court's electronic case filing page numbers.

2

## II. LEGAL STANDARD AND ANALYSIS

### A. **Standard**

#### 1. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

#### 2. The Commissioner's Decision

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157

3

(4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157-58.

**B.   Analysis**

The Commissioner objects to the Magistrate Judge's finding that the ALJ erred in considering the opinion of Dr. Glasser regarding Plaintiff's subjective complaints of pain. (ECF No. 17, p. 1.) The Commissioner asserts that the ALJ properly considered the entire record, including objective and subjective evidence, and inconsistencies between Plaintiff's testimony and other evidence of record in evaluating the credibility of his subjective complaints. (Id. at p. 2.) The Commissioner further asserts that "an ALJ may disregard even a treating physician's opinion when such opinion is based on subjective descriptions of symptoms that are properly discounted." (Id. (citing Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000))) Based on the foregoing, the Commissioner argues that the Magistrate Judge did not have the authority to re-weigh conflicting evidence, make credibility determinations, or substitute her judgment for that of the Commission. (Id. (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990))) Therefore, the Commissioner urges the court to affirm the Commissioner's decision and deny

Plaintiff's appeal. (Id. at p. 3)

In response to the Commissioner's objections, Plaintiff asserts that the magistrate judge correctly stated that if Dr. Glasser's opinion as to pain is worthy of weight, then by the vocational expert's testimony Plaintiff is likely disabled. (ECF No. 18, p. 2 (citing ECF No. 15, p. 7).) Plaintiff further asserts that the ALJ was required to set out an explanation or articulate a reason for disregarding Dr. Glasser's opinion, but the ALJ chose simply to ignore those portions of Dr. Glasser's opinion that were favorable to a finding of disabled. (Id.) To Plaintiff, this was clear error and requires that the ALJ's decision be set aside. (Id.)

Upon consideration of the Commissioner's objections, the court finds that the Magistrate Judge performed a thorough analysis of the record, including her evaluation of the medical evidence, in reaching the conclusion that the matter should be remanded to the Commissioner for the purpose of (1) explaining the weight accorded to the opinion of Plaintiff's treating physician, John A. Glasser, M.D., that the constant pain experienced by Plaintiff was severely sufficient to interfere with the performance of simple work tasks; (2) revisiting the assessment of Plaintiff's credibility regarding his subjective complaints of severe and disabling pain in the context of Dr. Glasser's opinion; and (3) reevaluating Plaintiff's impairments and all their incidental effects in combination. Therefore, based upon the foregoing, the court finds that the Commissioner's objections to the Magistrate Judge's Report are without merit.

### III.  CONCLUSION

Upon careful consideration of the entire record, the court adopts the Magistrate Judge's Report incorporating it by reference, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remands the case to the Commissioner for further

5

proceedings consistent with this decision and the Magistrate Judge's Report.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
MARGARET B. SEYMOUR
CHIEF UNITED STATES DISTRICT JUDGE

September 26, 2012
Columbia, South Carolina